IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

TARA D. ROSS,                  )
                               )
            Plaintiff,         )
                               )
      v.                       )        1:17CV1145
                               )
NANCY A. BERRYHILL,            )
Acting Commissioner of Social  )
Security,                      )
                               )
            Defendant.         )

## ORDER

The Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on February 27, 2019, was served on the parties in this action. (Docs. 11, 12.) Plaintiff objected to the Recommendation. (Docs. 13, 14.)

Among her objections, Plaintiff urges remand under the Fourth Circuit's recent decision in Perry v. Berryhill, No. 18-1076, __ F. App'x __, 2019 WL 1092627 (4th Cir. Mar. 8, 2019). (See, e.g., Doc. 14.) That decision is unpublished, so it is not precedential and is generally entitled only to the weight of its persuasive reasoning. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006). In that decision, the Fourth Circuit found fault with "the ALJ's reference to a 'non-production oriented work setting,'" as the Fourth Circuit "d[id] not know what the ALJ

intended when she used that phrase," making it "difficult, if not impossible, to evaluate whether restricting [the plaintiff] to a 'non-production oriented work setting' properly accounted for [his] well-documented limitations in concentration, persistence, and pace [('CPP')]." Perry, __ F. App'x at __, 2019 WL 1092627, at *3. In so doing, the Fourth Circuit specifically distinguished its decision in Sizemore v. Berryhill, 878 F.3d 72 (4th Cir. 2017), where it "found that an ALJ had adequately explained a residual functional capacity assessment that restricted the claimant, in part, to 'non-production jobs,'" as "the ALJ in Sizemore provided additional context, explaining that the claimant could perform work only in a 'low stress' setting, without any 'fast-paced work' or 'public contact,' to account for moderate limitations in [CPP]," which "descriptors helped to explain the restriction intended by the ALJ, and allowed [the Fourth Circuit] to evaluate whether that restriction adequately accounted for the claimant's limitations." Perry, __ F. App'x at __, 2019 WL 1092627, at *3 n.1. As in Sizemore, and unlike in Perry, the ALJ here provided the necessary "descriptors," limiting Plaintiff to "a low stress, low production environment with no rigid quota and occasional exposure to people" (Tr. 26). Accordingly, Perry does not justify remand in this action.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made

2

a *de novo* determination, which is in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is AFFIRMED, that Plaintiff's Motion for a Judgment Reversing or Modifying the Decision of the Commissioner of Social Security, or Remanding the Cause for a Rehearing (Doc. 7) is DENIED, that Defendant's Motion for Judgment on the Pleadings (Doc. 9) is GRANTED, and that this action is DISMISSED WITH PREJUDICE.

A Judgment dismissing this action will be entered contemporaneously with this Order.

                                        /s/   Thomas D. Schroeder
                                       United States District Judge

March 29, 2019